IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOMINIQUE HERMAN ADAMS,<br>    Petitioner, | )<br>)   Civil Action No. 7:21cv00431<br>) |
| v. | )   **OPINION and ORDER**<br>) |
| HAROLD CLARKE,<br>    Respondent. | )   By: Michael F. Urbanski<br>)   Chief United States District Judge |

Dominique Herman Adams, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of several disciplinary hearings at Wallen Ridge State Prison, alleging that his due process rights were violated. He asks the court to vacate his "convictions" on those infractions and to order reinstatement of points to change his classification level for purposes of earning good time credit. The respondent has filed a motion to dismiss, alleging that Adams has failed to exhaust his state court remedies and that the matter is time-barred. Upon consideration of the pleadings and exhibits herein, the court concludes that the respondent's petition is both untimely and unexhausted and will grant the motion to dismiss.

## I. Procedural Background

Previously, Adams was involved in an altercation with another inmate on May 20, 2014. Several corrections officers and a canine responded to break up the fight. The incident resulted in institutional charges for fighting with any person, aggravated assault of a non-offender (Corrections Officer Horn), and malicious wounding of a DOC canine, Omen. On June 3, 2014, Adams pled guilty and accepted a penalty offer of a $10.00 fine for fighting with any person. He pled not guilty to the remaining charges, but Hearing Officer C.W. Franks

found him guilty and imposed a loss of 90 days good time credit for the first charge and 120 days for the second charge. Disc. Rpts., Ex's C, D, and F, Pet. Ex's at 7-13, ECF No. 1-2. These institutional charges were the subject of a prior habeas corpus action, which the court dismissed as unexhausted, untimely, partially not cognizable, and without merit. Adams v. Fleming, No. 7:16cv00445 (W.D. Va. July 12, 2017).

On April 8, 2018, Adams was charged with possession of a weapon after Officers Powers, Leedy, and J. Hensley found a sharpened piece of plastic attached to a handle and taped under Adams' bunk. He pled guilty on April 25, 2018 but alleged that Office Powers had planted the weapon. He was fined $15.00 by Hearing Officer W. R. Hensley. Disc. Rpt., Ex. L (ECF No. 1-2) to Compl. in Adams v. Moore et al., No. 7:21cv00392 (W.D. Va., filed July 6, 2021).

On October 23, 2018, officers charged Adams with two violations of prison rules: (1) approaching any person in a threatening manner and (2) threatening to kill any person. He pled not guilty to the first charge at a hearing on November 6, 2018, but Hearing Officer C. W. Franks found him guilty and imposed a penalty of no telephone privileges for 90 days. Disc. Rpt., Ex. A, Pet. Ex's at 2-3. Adams pled guilty to the second charge on October 30, 2018, and he received a $15.00 fine. Disc. Rpt., Ex. C, Pet. Ex's at 5-6.

On June 5, 2020, Adams was allegedly fighting with another inmate and refused to comply with orders to stop fighting. He accepted a penalty to the lesser offense of disobeying an order on June 8, 2020 before Hearing Officer C. W. Franks. Disc. Rpt., Ex. K, Mem. Supp. of Timeliness, ECF No. 3-2.

In the current petition, Adams alleges the following violations:

1. He was denied due process in his hearing on November 6, 2018, because he did not consider the evidence that Lt. Cochrane called Adams to come over to him.

2. He was denied an impartial hearing officer because Officer C. W. Franks had conspired with Correctional Officer Horn regarding evidence to introduce at the June 2014 hearing to justify a penalty of lost good-time credit.

3. Hearing Officer Hensley failed to disclose exculpatory evidence that officers were not always frisked before entering the compound, which would have supported Adams' argument that Powers did not find the weapon in the search of Adams' cell on April 5, 2018.

4. He was denied equal protection of the laws when Hearing Officer Franks accepted his plea to the lesser offense of disobeying an order because Adams was only fighting with the other offender in self-defense.

5. Officer-in-Charge R. A. Light violated Adams' right to due process by failing to offer him an informal resolution of the June 5, 2020 charge even though he had not had any infractions nor received an informal resolution for any offense since October 23, 2018.

## II. Discussion

### A. Statute of Limitations

The statute of limitations for a federal habeas petition is one year. 28 U.S.C. § 2244(d)(1). In habeas cases challenging the results of prison disciplinary hearings, the statute of limitations runs from the date on which "the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence." Kimbrell v. Cockrell, 311 F.3d 361, 363-64 (5th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(D)). This is typically the date of the disciplinary hearing, when the penalty is imposed. At that time, a prisoner is aware of what has happened, the evidence, and the penalty, and he is or should be aware of the potential effect of the results on future good time credit. See Wade v. Robinson, 327 F.3d 328, 332 (4th Cir. 2003) (citing Kimbrell). Further, contrary to Adams' argument in his memorandum in support of timeliness, administrative appeals within the Virginia Department of Corrections do not toll or delay the starting of the statute of limitations, because such proceedings do not occur in a state court, and the limitation running from the end of direct review applies only to direct review of the original judgment of conviction, as set forth in 28 U.S.C. § 2244(d)(1)(A). Herring v. Johnson, No. 3:07CV776, 2008 WL 2277568 at *2 (E.D. Va. June 3, 2008); Herbert v. Johnson, No. 7:07CV00357, 2007 WL 3046643 at *1 (W.D. Va. Oct. 17, 2007).

Therefore, all the claims raised by Adams are time barred. The most recent disciplinary event which he appeals was the disciplinary hearing on June 8, 2020; because the administrative appeals do not impact the statute of limitations under § 2244 (d)(1)(D) and the tolling provisions of § 2244(d)(2) do not apply, the latest statute of limitations began on June 8, 2020 and expired on June 8, 2021. Adams did not sign and place his petition in the institutional mail until July 25, 2021, more than a month after the deadline. As Adams already acknowledged in his memorandum in support of timeliness, the earlier disciplinary charges were already time-barred. Pet. Mem. Supp. of Timeliness at 2, ECF No. 3-1.

The only other potential grounds for considering his claims even though the statute of limitations has passed are equitable tolling and actual innocence. The only ground for equitable tolling that Adams has raised is his alleged actual innocence of possessing a weapon, threatening to kill, approaching anyone in a threatening manner, fighting with another person, and disobeying an order. However, he has not alleged any facts that qualify him for this exception to the statute of limitations. Pet. at 29, ECF No. 1.

Actual innocence by itself has not been accepted as grounds for habeas relief. Herrera v. Collins, 506 U.S. 390, 400 (1993). Rather, if a prisoner presents new reliable evidence of innocence so strong that a court "cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," then the new evidence of innocence can serve as a gateway through which a petitioner may argue an otherwise untimely or defaulted claim. Schlup v. Delo, 513 U.S. 298, 316 (1995).[1] The new reliable evidence must be comparable to exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not introduced at trial because it was not known and could not reasonably have been known to the petitioner at the time of the trial. Id. at 324. If such evidence is introduced, the court must review the new evidence along with everything else that was introduced at trial, whether admitted or not and whether admissible or not, to determine if, more likely than not, no reasonable juror would have found guilt beyond a reasonable doubt in the absence of constitutional error. Id. at 328.

---

[1] The Supreme Court has not addressed whether this limited exception applies in the context of disciplinary hearings, as opposed to criminal trials. For purposes of this opinion, the court assumes without deciding that the Schlup standard, if met, might provide relief in a case such as this.

5

Adams has not introduced any new evidence in support of his claimed actual innocence, only the same evidence and argument he made at the initial disciplinary hearings, with one possible exception: Adams alleges that evidence of correctional officers not being frisked when entering the compound was suppressed and not known to him at the time of that hearing. Whether this information is accurate and reliable has not been ascertained, nor has Adams demonstrated why he did not know that at the time of that disciplinary hearing and how he knows this information now. Most importantly, this new evidence, even if accepted as true, this evidence does not persuade the court that no reasonable juror would find Adams guilty of possessing a weapon, because Officer Powers' statement that he found the weapon taped to the bottom of Adams' bunk could still be accepted as true and is not inconsistent with some officers not being frisked on entry. In other words, evidence of opportunity to bring in a weapon does not show that the weapon was planted. Accordingly, Adams' claim of actual innocence fails to create the gateway to consider his untimely petition.

## B. Exhaustion

Before a federal court may consider a state prisoner's habeas claim, the prisoner must have exhausted his state court remedies, unless there is no available state corrective process. 28 U.S.C. § 2254 (b)(1)(B)(i). This means that the petitioner must present his federal constitutional claims to the highest state court before he is entitled to seek federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance. Coleman v. Thompson, 501 U.S. 722, 732 (1991). If the claim would be procedurally barred in state court, then the claim is treated as simultaneously exhausted and defaulted. Before a federal habeas court will

entertain such an exhausted and defaulted claim, the petitioner must show cause for the default and actual prejudice resulting from the claimed constitutional violation. Id. at 750.

Adams acknowledges that he has not presented his claims in state court and said that he "does not have a reason" for not doing so. Pet. at 12. He argues that his claim should be treated as exhausted because it would be procedurally defaulted if raised in state court now. Pet. at 29. However, he has missed the crucial requirement of showing both cause and prejudice before the federal court will hear such a defaulted claim. He has shown no cause. Having no reason is not good cause. Accordingly, his claims are not exhausted.

## C. Successive Petition

To the extent Adams seeks to challenge the lost good-time credit resulting from the 2014 disciplinary convictions, those disciplinary proceedings have already been the subject of a prior habeas petition that was previously dismissed in 2017, as discussed in the procedural background section of this opinion. Second or successive petitions raising the same issue are not allowed. 28 U.S.C. § 2244(b)(1). Successive petitions raising a new issue regarding proceedings considered in a prior petition are only allowed under limited circumstances, and the petitioner is required to move the appropriate circuit court of appeals for permission before such a successive petition may be filed. 28 U.S.C. § 2244(b)(2)-(3). Adams challenged the 2014 loss of 90 days and 120 days of good-time credit in his prior petition and cannot now raise that issue again in a successive petition.

### D. Cognizability

As also explained in the dismissal of his earlier petition challenging the 2014 disciplinary charges, claims for changes in one's classification level and the resulting impact on future awards of good-time credit are not cognizable in federal habeas, because inmates have no protected liberty interest in being assigned to or remaining in a particular good conduct allowance level. West v. Angelone, 165 F.3d 22 (4th Cir. 1998) (unpublished). Even if his petition were not untimely and defaulted, he could not obtain the relief he seeks.

### III. Conclusion

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2553(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. Gonzalez v. Thaler, 565 U.S. 134, 140–41 (2012). Adams has not made such showings in this case.

It is hereby **ORDERED** that Adams' § 2254 petition is **DISMISSED** as untimely, unexhausted, and partially successive, and the action is **STRICKEN** from the active docket of the court.

8

Further, finding that Adams has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

The Clerk shall send a copy of this opinion and order to Adams.

**ENTER:** This 23rd day of September, 2022.

Michael F. Urbanski
Chief United States District Judge